**UNITED STATES of America,
Appellee,**

v.

**Walker WASHINGTON, also known as Cappuccino, Defendant–Appellant.**

No. (07–0529–cr).

United States Court of Appeals,
Second Circuit.

Oct. 28, 2008.

Marissa Molé, Celeste L. Koeleveld, Assistant United States Attorneys, Michael J. Garcia, United States Attorney, Southern District of New York, New York, N.Y., for Appellee.

Elizabeth E. Macedonio, Bayside, N.Y., for Appellant.

Present WILFRED FEINBERG, RALPH K. WINTER, ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Walker Washington appeals from a judgment of conviction entered on February 2, 2007 in the United States District Court for the Southern District of New York (Kaplan, J.), following his plea of guilty to one count of mail fraud in violation of 18 U.S.C. § 1341 and 2 and one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. We assume the parties' familiarity with the facts, proceedings below, and the issues raised on appeal.

Washington claims that the district court erred in denying his motion to withdraw his guilty plea. He contends that he should have been permitted to withdraw his plea because the government breached the plea agreement by, in its sentencing memorandum submitted in support of sentencing: (1) making various statements related to his criminal history and role in the instant offense, and (2) reciting a restitution amount that was slightly above that agreed upon in the plea agreement.

We find no error. The plea agreement specifically stated that the parties could "present to ... the Court any facts relevant to sentencing" and could "make any arguments regarding where within the Stipulated Guidelines Range (or any other range as the Court may determine) the defendant should be sentenced." The government's sentencing memorandum conformed to this agreement, and further requested that Washington be sentenced within the parties' stipulated Guidelines' range, both as to the term of imprisonment and the restitution amount. *See United States v. Amico*, 416 F.3d 163, 165 (2d Cir.2005). And, the district court imposed a sentence within that range.

Accordingly, the judgment of the district court hereby is AFFIRMED.